[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case arises out of the rental of a room to the plaintiff CT Page 5781 in the defendant's home. At the time of the rental the plaintiff was a student at Central Connecticut State University. The defendant lives adjacent to the University, and has for many years rented rooms with bath in her house to University students. In this case the plaintiff paid the defendant $1400 which, pursuant to the parties' agreement, constituted a $200 security deposit and payment of the full $1200 rent for the sixteen week semester. In a related transaction the plaintiff also paid the defendant a $200 security deposit to reserve the same room for the second semester.
Shortly after moving in on or about Labor Day, 1991, the plaintiff was attacked by one of defendant's dogs, causing the plaintiff injuries and great fright. Because she no longer felt comfortable in the house, she vacated approximately one week later. plaintiff demanded the return of her rent and security deposits. The defendant refused and this suit followed. Whether plaintiff is entitled to a return of her security and rent depends, in part, on whether she was lawfully authorized to vacate the room one week after the rental agreement commenced.
"A constructive eviction arises where a landlord, while not actually depriving the tenant of any part of the premises leased, has done or suffered some act by which the premises are rendered untenantable." Thomas v. Roper, 162 Conn. 343, 349 (1972). "Whether the premises are untenantable is a question of fact for the trier, to be decided in each case after a careful consideration of the parties. . ." Id, 347.
The plaintiff was fully justified in vacating the premises after the attack by the defendant's dog. In the first instance, the attack was unprovoked, and while it may not have caused lasting physical damage it unquestionably resulted in the plaintiff feeling legitimately apprehensive while in the house. Under these circumstances this court concludes that the plaintiff was constructively evicted. Accordingly, as to count four of the plaintiff's amended complaint she is entitled to a full refund of the $1,200 paid as rent to the defendant.
In count three of her amended complaint the plaintiff also makes a claim for double damages arising out of the defendant's failure to provide a written itemization of damages as required by General Statutes § 47a-21 (d). Because the defendant has not demonstrated that she was entitled to withhold any portion of the security deposit as damages, the plaintiff is entitled to a full refund of the $400. Because this court concludes that defendant's CT Page 5782 note of October 1, 1991, although unartfully drafted, constitutes compliance with the statute the damages are not doubled. Interest on the $400 security, however, is awarded in the amount of $75. Judgment for the plaintiff shall enter as to count three in the amount of $475. The total judgment therefore is $1675 plus costs.
SO ORDERED.
Holzberg, J.